DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
GENEVIEVE P. ROSLOFF (SBN 258234)
grosloff@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant and
Counterclaimant ANUJ GROVER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZSCALER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANUJ GROVER,<br><br>Defendant. | Case No. 13-CV-03195-HRL<br><br>**ANUJ GROVER'S ANSWER AND COUNTERCLAIMS**<br><br>Ctrm: 2 - 5th Floor<br>Judge: Honorable Howard R. Lloyd |
| ANUJ GROVER,<br><br>Counterclaimant,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Counterdefendant. | |

Defendant and Counterclaimant Anuj Grover ("Grover") hereby responds to the Complaint filed against him by Plaintiff and Counterdefendant Zscaler, Inc. ("Zscaler") as follows:

1. Defendant admits that he "asserts that although is employment with Plaintiff (formerly SafeChannel, Inc.) has terminated, he has a right to make further investments in Zscaler on a pro rata basis" and his "belief that certain provisions in his employment offer letter dated April 1, 2008 (the 'Offer Letter') survived the Agreement." Except as expressly admitted, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that through this action Zscaler purports to seek the relief described in this paragraph and that Zscaler filed its complaint pursuant to Code of Civil Procedure Section 1060. Except as expressly admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

**PARTIES**

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that he is an individual and that he maintains a residence in Georgia, but avers that he is domiciled in Florida. Except as expressly admitted, Defendant denies the allegations in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5. Defendant admits that, for purposes of this lawsuit only, this Court has personal jurisdiction over Defendant. Defendant admits that the Separation and General Release Agreement (the "Agreement") contains a "Governing Law" provision that states that "[t]his Agreement will be governed by the laws of the State of California without giving effect to any choice of law rules or principles that may result in the application of the laws of any jurisdiction other than California." Defendant admits that during his employment with Zscaler, he travelled to California and attended meetings in California. Except as expressly admitted, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff purports to seek, pursuant to California Code of Civil Procedure Section 1060, a determination of the rights each party enjoys pursuant to a written contract. Defendant avers that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1441(b), in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and

costs, and is between citizens of different states. Except as expressly admitted, Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that venue is proper in this District pursuant to 28 U.S.C. §1391(a) because, *inter alia*, Zscaler resides in and is subject to personal jurisdiction this District for purposes of venue. Except as expressly admitted, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that the Agreement does not contain a mandatory forum selection clause and that Zscaler may file suit in Santa Clara County. Except as expressly admitted, Defendant denies the allegations in Paragraph 8 of the Complaint.

## BACKGROUND

9. Defendant admits that he resigned from his position as Chief Financial Officer, effective November 30, 2010, and that his resignation with regards to employment status was effective as of December 31, 2010. Except as expressly admitted, Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to admit the allegations in Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12. Defendant admits that he asserts that he is contractually entitled to the investment rights contained in his Offer Letter. Except as expressly admitted, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that the Offer Letter contains the language quoted in Paragraph 13 of the Complaint. Except as expressly admitted, Defendant denies the allegations in Paragraph 6 of the Complaint.

14. Defendant admits that Plaintiff told him in 2013 that "his right to invest in financing transactions set forth in the Offer Letter was directly related to the employment relationship contemplated by the Offer Letter and that it was not intended to survive termination of his employment relationship." Except as expressly admitted, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that Paragraph 3 of the Agreement contains the language quoted in Paragraph 16 (Compl. at page 4, lines 3-4), that the Agreement preserved Defendant's rights in Restricted Stock, and that those rights include the rights recited in this paragraph. Except as expressly admitted, Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant does not recall whether he alone drafted the sentence quoted in Paragraph 18, and on that basis denies the allegation that he drafted it. Except as expressly admitted, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits that the Agreement contains the language quoted in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that the Agreement contains the language quoted in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that declaratory relief is necessary and appropriate at this time. Except as expressly admitted, Defendant denies the allegations in Paragraph 23 of the Complaint.

**COUNT ONE**

**(Declaratory Judgment—The Agreement Superseded the Offer Letter in its Entirety)**

24. Defendant incorporates by reference its responses to the allegations in the preceding paragraphs.

25. Defendant admits that there is an actual and present controversy between Plaintiff and Defendant. Defendant lacks sufficient knowledge or information to admit to Plaintiff's "desires," and, on that basis, denies the allegations as to Plaintiff's desires. Defendant denies the other allegations in Paragraph 25 of the Complaint.

**COUNT TWO**

**(Declaratory Judgment—No Additional Investment Rights)**

26. Defendant incorporates by reference its responses to the allegations in the preceding paragraphs.

27. Defendant admits that there is an actual and present controversy between Plaintiff and Defendant. Defendant lacks sufficient knowledge or information to admit to Plaintiff's "desires," and, on that basis, denies the allegations as to Plaintiff's desires. Except as expressly admitted, Defendant denies the allegations in Paragraph 25 of the Complaint.

**GROVER'S RESPONSE TO ZSCALER'S PRAYER FOR RELIEF**

28. Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Laches)**

29. This action is barred by reason of the Plaintiff's laches in pursuing this claim

**SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

30. As a result of the acts and omissions in the matters relevant to this complaint, Plaintiff has unclean hands and is therefore barred from asserting any claims against this defendant.

**DEFENDANT'S COUNTERCLAIMS**

31. Defendant, an individual, by and through his attorneys, states as follows:

**PARTIES**

32. Counterclaimant Anuj Grover ("Grover") is an individual who is a citizen of the United States and domiciled in the state of Florida.

33. Counterdefendant Zscaler, Inc. ("Zscaler") is, and at the time it filed the Complaint was, a corporation organized and existing under the laws of the state of Delaware and having its principal place of business in the state of California. Compl. ¶ 3. Zscaler is therefore a citizen of the states of Delaware and California.

**JURISDICTION AND VENUE**

34. This Court has original jurisdiction pursuant to 28 U.S.C. § 1441(b), in that this is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

35. This Court has personal jurisdiction over Zscaler by virtue of, *inter alia*, its having its principal place of business in this District, having subjected itself to the jurisdiction of this Court by filing this action, having availed itself of the rights and benefits of California law, and having systematic and continuous contacts with the State of California.

36. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because, *inter alia*, Zscaler resides in and is subject to personal jurisdiction this District for purposes of venue.

## GENERAL ALLEGATIONS

37. Zscaler was founded in 2007 by CEO Jay Chaudhry and Chief Architect K. Kailash to provide cloud-based security solutions.

38. Zscaler needed a Chief Financial Officer, so Chaudhry reached out to Grover, who he had worked with at a different company. The parties then began negotiating an Offer Letter agreement, which they executed on April 1, 2008. As is true at many start-ups, stock was a key component of Grover's compensation. Zscaler agreed to give Grover the option to purchase stock upon joining the company and the right to invest in "subsequent rounds of funding . . . on a pro-rata basis on the same terms and conditions as the other investors with the exception that if [co-founders] Jay Chaudhry and K Kailash (or their affiliates) take dilution due to investment in the Company, [Grover] will take the same percentage dilution." Absent a right to invest in the future, Grover would have no power to avoid dilution, and the stock component of Grover's compensation would be worth less.

39. Grover left Zscaler in 2010. The parties negotiated a Separation and General Release Agreement ("Separation Agreement"), dated November 30, 2010. Again, it was material to Grover to protect the stock component of his compensation, so the parties agreed that Grover would retain, inter alia, the right to invest in Zscaler on the terms set forth in the April 1, 2008 Offer Letter agreement.

40. Since 2010, Zscaler has engaged in at least one and possibly more funding rounds that Grover had a right to invest in pursuant to the terms of his Offer Letter. For example, in or about April 2012, Zscaler conducted an insider round in which its CEO converted roughly thirty millions dollars in debt (money he allegedly loaned to Zscaler) to approximately 37,000,000 shares, at an issue price of 81 cents per share.

41. Assuming the inside round shares were issued at a fair price, Grover would have had the right to purchase (and would have purchased) approximately 675,000 shares (based on his existing ownership in Zscaler) at 81 cents per share.

42. Zscaler did not invite Grover to to participate in the insider round and has, in breach of the terms of the Offer Letter, since denied Grover's right to do so. On May 22, 2013, Zscaler filed the above-captioned action against Grover, alleging that Grover does not possesses any investment rights related to the purchase of Zscaler shares or the right to participate in any future Zscaler financings.

43. As a result of Zscaler's breach, Grover has been denied the value of the additional stock to he was entitled to purchase during the inside round. Grover stands ready, willing, and able to invest in Zscaler upon Zscaler honoring its obligations under the Offer Letter.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

44. Grover restates and incorporates by reference the allegations in paragraphs 31-43 of his counterclaims.

45. By denying Grover's right to invest in rounds of funding that occurred subsequent to the date of the Separation Agreement, Zscaler breached its contractual obligations under the Offer Letter.

46. Grover has performed all acts required of it under the Offer Letter or has offered to perform all of the obligations required of him under the Offer Letter.

47. Grover has no adequate remedy at law and can only be made whole if this Court declares that Zscaler is required to specifically perform the terms of the Offer Letter.

48. In the alternative, Grover has been damaged in an amount to be proven at trial, but not less than the fair value of the additional shares to which Grover is entitled, minus the purchase price of those shares.

**PRAYER FOR RELIEF**

WHEREFORE, Grover requests the following relief:

a. Specific performance of the Offer Letter and Separation Agreement or, in the alternative, an award of actual damages, according to proof at trial;

b. That this Court award Grover his costs; and

c. That this Court award Grover such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Grover demands a trial by jury for all issues so triable.

Dated: July 12, 2013

DURIE TANGRI LLP

By: *__/s/ Joshua H. Lerner__*
RAGESH K. TANGRI
JOSHUA H. LERNER
GENEVIEVE P. ROSLOFF

Attorneys for Defendant and
Counterclaimant ANUJ GROVER

**CERTIFICATE OF SERVICE**

I certify that all counsel of record are being served on July 12, 2013 with a copy of this document via the Court's CM/ECF system.

*/s/ Joshua H. Lerner*
JOSHUA H. LERNER