DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
ALEX J. FEERST (SBN 270537)
afeerst@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant and Counterclaimant
ANUJ GROVER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZSCALER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANUJ GROVER,<br><br>Defendant. | Case No. 3:13-cv-03195-RS<br><br>**DEFENDANT AND COUNTERCLAIMANT ANUJ GROVER'S MOTION FOR SUMMARY JUDGMENT (CIVIL L.R. 56)**<br><br>Date: April 24, 2014<br>Time: 1:30 p.m.<br>Dept.: 3 - 17th Floor<br>Judge: Honorable Richard Seeborg |
| ANUJ GROVER,<br><br>Counterclaimant,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Counterdefendant. | [REDACTED PUBLIC VERSION] |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on April 24, 2014, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled court of the Honorable Richard Seeborg, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant and Counterclaimant Anuj Grover ("Grover" or "Defendant") by his attorneys Durie Tangri LLP, will move and hereby moves, pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 56, for an order granting Defendant and Counterclaimant Anuj Grover's Motion for Summary Judgment.

Grover seeks an Order declaring that Grover is entitled to purchase ZScaler stock in accordance with the terms of the April 1, 2008 employment contract he negotiated with ZScaler. This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof and Declaration of Joshua H. Lerner filed herewith, the other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant and Cross-Complainant Anuj Grover hereby moves for partial summary judgment on Plaintiff ZScaler, Inc.'s ("ZScaler") complaint for declaratory relief. Mr. Grover seeks a declaration that he is entitled to purchase ZScaler stock in accordance with the terms of the April 1, 2008 employment contract he negotiated with ZScaler (the "Employment Agreement"). Mr. Grover's right to purchase ZScaler stock was specifically confirmed in the agreement he signed when he resigned his position in 2010 (the "Separation Agreement"). The text of these agreements provides Mr. Grover the right to [REDACTED] Its plain meaning compels the declaration Mr. Grover seeks.

The negotiating history behind this provision confirms the point. [REDACTED] Mr. Grover rejected that proposal and ZScaler acquiesced. ZScaler has reneged on its specifically negotiated promise, however, and its breach has compelled this motion.

This motion presents a pure question of law regarding unambiguous contractual language. It presents as well an unusually clear case of a buyer's remorse. For each reason partial summary judgment should be granted in Mr. Grover's favor.

## II. FACTUAL BACKGROUND

ZScaler is a company that offers security services relating to cloud-based computing. It was founded around early 2008 by Jay Chaudhry and K. Kailash. Mr. Chaudhry and Mr. Grover knew each other from previous work. In January 2008, Mr. Chaudhry approached Mr. Grover to discuss hiring Mr. Grover to work at ZScaler. Declaration of Joshua H. Lerner in Support of Defendant and Counterclaimant Anuj Grover's Motion for Summary Judgment ("Lerner Decl."), Ex. 1 (Grover Dep.) 112:25–113:2; 115:24–116:1.

### A. Mr. Grover's Employment Agreement And Separation Agreement

Following negotiations detailed below, Mr. Grover and ZScaler entered into the Employment Agreement, dated April 1, 2008. The agreement stated that



Lerner Decl. Ex. 2 (Grover Dep. Exh. 35) ¶ 4.

In addition, the Employment Agreement states:



*Id.* The Employment Agreement is integrated. *Id.* ¶ 10.[1]

Mr. Grover worked for ZScaler until he resigned his employment pursuant to the Separation Agreement, which was effective as of November 10, 2010. The Separation Agreement defines Mr. Grover as "the Employee" and defines ZScaler as "the Company." Lerner Decl. Ex. 3 (Separation Agreement) at GROV-000206. It states that upon resignation:

---

[1] The integration clause states: "This letter supersedes and replaces any prior understandings or agreements, whether oral or written, between you and the Company regarding the subject matter described in this letter agreement."

*Id.* ¶ 3. The Separation Agreement also is integrated and is governed by California law. *Id.* ¶¶ 7, 22.

**B. Negotiations Leading To the Employment Agreement**

Mr. Chaudhry and Mr. Grover began negotiating Mr. Grover's employment with ZScaler in January 2008. On February 13, 2008, Mr. Chaudhry wrote Mr. Grover a message stating

Lerner Decl. Ex. 4 (Grover Dep. Exh. 18) ¶ 6.

Lerner Decl. Ex. 1 (Grover Dep.) 152:16–153:4. *Id.* 149:24–150:13.

Drafts of the Employment Agreement reflect such negotiations.

Lerner Decl. Ex. 5 (Grover Dep. Exh. 22) ¶ 4. This initial draft was sent on March 11, 2008. On March 12, Mr. Grover modified this language when he returned a redline of this document to Mr. Chaudhry:

Lerner Decl. Ex. 6 (Grover Dep. Exh. 23) ¶ 4.

On March 13, 2008, Mr. Chaudhry wrote to Mr. Grover stating, in part, that

Lerner Decl. Ex. 7 (Grover Dep. Exh. 24). On March 17, 2008 Mr. Chaudhry wrote to Mr. Grover stating, among other things, that Lerner Decl. Ex. 8 at GROV-000040.

On March 19, 2008, Mr. Chaudhry sent Mr. Grover a revised version of the Offer Letter. Lerner Decl. Ex. 9 at GROV-000144.

*Id.* ¶ 4 at GROV-000146.

This language remained unchanged in the next version of the agreement. Lerner Decl. Ex. 10 ¶ 4 at GROV-000011. The parties continued to negotiate and, on March 20, Mr. Chaudhry wrote Mr. Grover to complain that "I have not been thru this type of extended discussion even though I have hired a number of CXOs. I have never seen so much red-ink introduced to an offer letter. I am used to standard letters and terms that I am comfortable with." Lerner Decl. Ex. 11 at ZI 00468.

On March 27, 2008, Mr. Chaudhry wrote Mr. Grover an e-mail conveying a revised version of the Offer Letter. Lerner Decl. Ex. 12 (Grover Dep. Exh. 34) at GROV-000141. This message stated in part: This message recited the resolution of various items, including with respect to paragraph four: *Id.*

The language in this final version of the Employment Agreement reads as noted above:

*Id.* ¶ 4 at GROV-000142.

**C. The Restricted Stock Agreement**

When Mr. Grover was hired, he signed a Restricted Stock Agreement ("RSA") with ZScaler.

Pursuant to the RSA, Mr. Grover could [redacted] Lerner Decl. Ex. 13 ¶ 1. The RSA defined [redacted] *Id.* [redacted] *Id.* ¶ 4(A). In the event of [redacted] *Id.*

**D. Procedural History**

This case was originally filed in the Superior Court for Santa Clara County. Mr. Grover removed under 28 U.S.C. § 1441(b).

## III. ARGUMENT

Under California law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638 (West). "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ." Cal. Civ. Code § 1639 (West). "California recognizes the objective theory of contracts . . . under which '[i]t is the objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties, that controls interpretation.'" *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 956 (Ct. App. 2003). For this reason, "[s]ummary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning." *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988). Whether contractual language is ambiguous is itself a question of law. *Founding Members*, 109 Cal. App. 4th at 955–56.

Both Mr. Grover and ZScaler agree that neither the Employment Agreement nor the Separation Agreement is ambiguous. Lerner Decl. Ex. 14 at 2–3. We show below that the contractual language compels judgment in Mr. Grover's favor.

**A. [redacted] Means Any**

The Employment Agreement gives Mr. Grover [redacted] Lerner Decl. Ex. 2 ¶ 4. The word [redacted] is not ambiguous: [redacted] Cal. Civ. Code § 1644 (West) (in general "[t]he words

of a contract are to be understood in their ordinary and popular sense"). "Any" in this context means "without limitation" and is synonymous with "every." [2] Thus, for example, in *Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 684 (Ct. App. 2000), the court held that a contractual provision requiring arbitration of "[a]ny problem or dispute arising under this Agreement and/or concerning the terms of this Agreement" meant "just what it says" and therefore governed tort claims filed after termination of the agreement, not just contract claims arising prior to termination.

The remaining text in the paragraph confirms this plain meaning. ▓▓▓ That fact is made clear by the sole exception ▓▓▓

▓▓▓ In particular, the Employment Agreement does not ▓▓▓ The language of the agreement contains ▓▓▓ Lerner Decl. Ex. 1 (Grover Dep.) 218:11–17.  The text of the Employment Agreement ▓▓▓

### B. The Negotiating History Confirms This Plain Meaning

Mr. Grover believes the Employment Agreement's meaning could not be plainer. Should the Court deem the negotiating history relevant, however, that history confirms that ▓▓▓ As set forth above, ▓▓▓ Lerner Decl. Ex. 5 ¶ 4. ▓▓▓

---

[2] In the Employment Agreement the term is used in the same sense the Court uses it in Civil Rule 3-15(a): "So that Judges of this Court may evaluate **any** need for disqualification or recusal early in the course of **any** case, each party to **any** civil proceeding must file a 'Certification of Interested Entities or Persons' pursuant to this Rule."  Civil L.R. 3-15(a) (emphasis added).

Lerner Decl. Ex. 6 ¶ 4 at GROV-000007. *Cf. Woods v. Ins. Co. of N. Am.*, 38 Cal. App. 3d 144, 149 (Ct. App. 1974) ("Words deleted from a contract may be the strongest evidence of the intention of the parties") (citation omitted); *Headlands Reserve, LLC v. Ctr. for Natural Lands Mgmt.*, 523 F. Supp. 2d 1113, 1129 & n.7 (C.D. Cal. 2007) (noting language was deleted from original form agreement and concluding the parties "bargained away" rights the deleted language would have conferred).

Upon receiving Mr. Grover's changes to the initial form, and over the course of the negotiations, Mr. Chaudhry did three things. (Lerner Decl. Ex. 8 at GROV-000040; Ex. 11 at ZI 00468; and Ex. 12 at GROV-000141), (Lerner Decl. Exs. 7; 15–17), Lerner Decl. Ex. 2 ¶ 4. Lerner Decl. Ex. 13 at GROV-000141. *E.g. SCC Alameda Point LLC v. City of Alameda*, 897 F. Supp. 2d 886, 902 (N.D. Cal. 2012) (reviewing drafting history to interpret ambiguous contractual terms).

### C. Means Continue In Force, Not Terminate

The Separation Agreement provides that Lerner Decl. Ex. 3 ¶ 3. As noted above, By the terms of the Separation Agreement, therefore, [3]

[3] Cal. Code Civ. Proc. § 1856(g) (court may consider evidence of "the circumstances under which the agreement was made or to which it relates" or to interpret its terms).

The relevant passage in the Separation Agreement refers [redacted] As explained above, the Employment Agreement [redacted]

The rights created by the RSA [redacted]

The Separation Agreement distinguishes between [redacted]

## IV. CONCLUSION

Contract language is rarely clearer than the language at issue in this case. Mr. Grover specifically negotiated for [redacted] He seeks only a declaration confirming that [redacted] Because this right [redacted]

ZScaler's contrary position founders on both the text of the parties' agreements and the negotiations that produced them. As a matter of contract law there is, quite literally, nothing to be said for it. Parties should not be allowed to reclaim through litigation concessions they made in bargaining. The Court therefore should issue the declaration Mr. Grover seeks.

Dated: March 20, 2014

DURIE TANGRI LLP

By: *_/s/ Joshua H. Lerner_*
JOSHUA H. LERNER

Attorneys for Defendant and Counterclaimant ANUJ GROVER

**CERTIFICATE OF SERVICE**

I certify that all counsel of record are being served on March 20, 2014 with a copy of this document via the Court's CM/ECF system.

*/s/ Joshua H. Lerner*
JOSHUA H. LERNER