1  ULRICO S. ROSALES, State Bar No. 139809
   JEANNA C. STEELE, State Bar No. 237390
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100
5  Email:  urosales@wsgr.com

6  Attorneys for Plaintiff and Counterdefendant
   ZSCALER, INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  ZSCALER, INC.,                    )  CASE NO.:  CV 13-03195 RS
                                      )
13         Plaintiff,                 )  **PLAINTIFF AND**
                                      )  **COUNTERDEFENDANT**
14     v.                             )  **ZSCALER'S MOTION FOR**
                                      )  **SUMMARY JUDGMENT, OR, IN**
15  ANUJ GROVER,                      )  **THE ALTERNATIVE, FOR**
                                      )  **PARTIAL SUMMARY JUDGMENT**
16         Defendant.                 )  Date:   May 15, 2014
                                      )  Time:  1:30 p.m.
17                                    )  Dept:  3, 17th Floor
                                      )  Before:  The Hon. Richard Seeborg
18                                    )  Trial Date:  December 8, 2014
                                      )
19                                    )
                                      )
20                                    )
                                      )
21  _____     )
                                      )
22  ANUJ GROVER,                      )
                                      )
23         Counterclaimant,           )
                                      )
24     v.                             )
                                      )
25  ZSCALER, INC.,                    )
                                      )
26         Counterdefendant.          )
                                      )
27

28  PLTF AND COUNTERDEFT ZSCALER'S                                    6252886.1
    MOTION FOR SUMM. JUDGMENT, OR, IN
    THE ALTERNATIVE, FOR PARTIAL SUMM.
    JUDGMENT
    CASE NO.  CV 13-03195 RS

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................................... 2

      A.      Mr. Grover Is A Licensed, Experienced Attorney. ................................... 2

      B.      The Offer Letter. ........................................................................................ 3

      C.      The Restricted Stock Purchase Agreement ............................................... 4

      D.      The Separation Agreement. ........................................................................ 4

            1.      Mr. Grover Received ███████████ ████████ As Consideration For Executing The Separation Agreement. ................................................................................ 4

            2.      Mr. Grover Acknowledged And Agreed That ██████████ .............................................................................. 5

            3.      Paragraph 3 ██████████ Of The Separation Agreement Addressed ██████████████ ............................................................................ 6

            4.      Mr. Grover Released All Claims Against Zscaler ....................... 6

            5.      The Separation Agreement Superseded The Offer Letter. .......... 8

      E.      Jurisdiction ................................................................................................ 8

III.    LEGAL ARGUMENT .............................................................................................. 8

      A.      Summary Judgment Standard ..................................................................... 8

      B.      The Separation Agreement Compels Summary Judgment In Zscaler's Favor. ......................................................................................... 9

            1.      The Separation Agreement Bars Mr. Grover's Breach of Contract Claim Against Zscaler. ................................................. 9

            2.      The Separation Agreement Superseded the Offer Letter ........... 11

            3.      The Separation Agreement Terminated ██████████ ███████████████████ ............ 12

                a.      Mr. Grover Acknowledged &Agreed ████████████ .................................................... 12

                b.      ████████████ ................................... 14

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

-i-

6252886.1

c.      Any Ambiguity Should Be Construed Against Mr. Grover. ......... 15

IV.      CONCLUSION ............................................................................................. 17

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

-ii-

6252886.1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................. 8

*Banning Ranch Conservancy v. Superior Court*, 193 Cal. App. 4th 903 (2011) ..................... 9, 13

*Celotex v. Catrett*, 477 U.S. 317 (1986) .......................................................................... 8

*Dudum v. City and County of San Francisco*, No. C 10-00504, 2010 U.S. Dist. LEXIS 94031 (N.D. Cal. 2010) .......................................................................... 8, 9

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986) .............................. 9

*Mayhew v. Benninghoff*, 53 Cal. App. 4th 1365 (1997) ............................................ 16

*United States v. King Features Entm't, Inc.*, 843 F.2d 394 (9th Cir. 1988) .................. 9

*Wolf v. Superior Court*, 114 Cal. App. 4th 1343 (2004) ............................................ 9

## STATUTES

28 U.S.C. § 1441(b) .................................................................................................... 8

42 U.S.C. §§ 1981 and 1983 ...................................................................................... 7

Cal. Civ. Code § 1636 ................................................................................................ 9

Cal Civ. Code § 1638 ................................................................................................. 9

Cal. Civil Code 1654 ................................................................................................ 16

## RULES

Fed. R. Civ. P. 56 ...................................................................................................... 1

Fed. R. Civ. P. 56(a) .................................................................................................. 8

FRCP 56(c) ................................................................................................................ 8

## MISCELLANEOUS

Civil L.R. 11-5(a) ..................................................................................................... 13

Civil L.R. 7-2 ............................................................................................................. 1

Title VII of the Civil Rights Act of 1964, The Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973 ....................................................................................... 7

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO. CV 13-03195 RS

-iii-

6252886.1

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 15, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled court of the Honorable Richard Seeborg, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff and Counterdefendant Zscaler, Inc. ("Zscaler") will, and hereby does, move, pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 56, for an order granting Plaintiff and Counterdefendant Zscaler's Motion for Summary Judgment, or in the alternative, Partial Summary Judgment.

Zscaler seeks an Order granting summary judgment, or, in the alternative, partial summary judgment for Zscaler on: (i) Defendant and Counterclaimant Anuj Grover Counterclaim (Breach of Contract); (ii) Count I of Zscaler's Complaint (Declaratory Judgment – The Agreement Superseded the Offer Letter in its Entirety); and (iii) Count II of Zscaler's Complaint (Declaratory Judgment ███████████████████████. This Motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities set forth below, the accompanying Declarations of Jay Chaudhry and Jeanna C. Steele, all pleadings and papers on file herein, oral argument of counsel, and any other matter that may properly come before the Court at or before the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff and Counter-Defendant Zscaler, Inc. hereby moves for summary judgment, or in the alternative partial summary judgment, on: (i) Defendant and Counterclaimant Anuj Grover Counterclaim (Breach of Contract); (ii) Count I of Zscaler's Complaint (Declaratory Judgment – The Agreement Superseded the Offer Letter in its Entirety); and (iii) Count II of Zscaler's Complaint (Declaratory Judgment ███████████████████████. Consistent with the relief sought pursuant to this motion, Zscaler further seeks a declaration that ██████████████████ ████████████████████████████████████████████████████████ ████████████████

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS
-1-
6252886.1

Over four years ago, on November 30, 2010, ███████████████████

███████████████████████████████████████████████████████████

███████ with Zscaler (the "Separation Agreement").  The clear and unambiguous text of the Separation Agreement provides Mr. Grover's voluntary waiver and release of all claims he might have against the Company – whether known or unknown. The Separation Agreement further sets forth Mr. Grover's agreement that ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████.

Zscaler maintains that the plain text of the Separation Agreement unambiguously bars Mr. Grover from asserting his right to ███████████████████████████████ ███ including any breach of contract or other claims he might have against Zscaler.  Further, to the extent any ambiguities exist in the document, they must be construed against Mr. Grover because he concedes having drafted the contract language in the Separation Agreement he now claims preserved ███████████████████. This motion presents a pure question of law regarding the unambiguous contractual language set forth in the Separation Agreement. For the reasons explained below, Zscaler respectfully requests the Court grant this Motion for Summary Judgment.

## II.      STATEMENT OF FACTS

### A.      Mr. Grover Is A Licensed, Experienced Attorney.

Zscaler was founded and self-funded in 2008 by Jay Chaudhry and K. Kailash to provide security services relating to cloud-based computing.  *See* Declaration of Jay Chaudhry in support of Opposition to Motion for Summary Judgment ("Chaudhry Decl.") ¶ 2.  In 2008, Mr. Chaudhry hired Mr. Grover, a licensed and experienced attorney, as the Company's General Counsel and Chief Financial Officer.  Chaudhry Decl. ¶ 3; *see also* Chaudhry Decl. Exhibit ("Ex.") A.

Mr. Grover has nearly 17 years of experience as an attorney, including working as an associate at a large law firm, as general counsel at multiple companies, and for his own real estate investment entities.  *See* Declaration of Jeanna C. Steele in support of Zscaler, Inc.'s Motion for

1  Summary Judgment ("Steele Decl."), Exhibit ("Ex.") A at 27:17-22, 27:25-31:1, 30:24-32:1, 32:3-

2  33:24, 37:24-42:1; *Id.* Exs. F-G. Because of this background, Mr. Grover has substantial

3  experience drafting, reviewing, and negotiating contracts.  Among other things, he has provided

4  legal advice on "mergers & acquisitions, corporate finance, licensing of technology, [and] general

5  corporate matters" for companies of all sizes, primarily in the technology sector. Steele Decl. Ex.

6  H; *see also Id.,* Ex. A at 31:18-33:24. He has represented companies from formation to investment

7  to "exit strategy". Steele Decl. Ex. H Mr. Grover has also provided business advice to companies,

8  and before law school used his accounting degree working as an accountant providing audit and

9  tax advice. Steele Decl. Ex. A at 27:25-30:23; *Id.*, Ex. H Mr. Grover has described himself as an

10  experienced executive who has "helped companies to optimize the financial, strategic, operational

11  and legal aspects of their business." Steele Decl. Ex. H

12      **B.      The Offer Letter.**

13          On or about April 7, 2008, the parties entered into a fully integrated employment offer

14  letter ("Offer Letter").  *See* Chaudhry Decl. Ex. A.  The Offer Letter sets forth the terms of Mr.

15  Grover's employment with Zscaler, including ███████████████████████████████

16  ████████████████████████████████   *See Id*.  The Offer

17  Letter contains ████████████ provision that states:

18  ████████████████████████████████████████

19  ████████████████████████████████████████

20  ████████████████

21  Chaudhry Decl. Ex. A at 4.

22          Zscaler asserts that the ████████████, like Mr. Grover's other compensation and

23  benefits, applied only during Mr. Grover's employment with Zscaler, while Mr. Grover argues

24  that he remains entitled to this right even though his employment with Zscaler terminated over

25  three years ago.  *See* Chaudhry Decl. ¶ 9; Steele Decl. Ex. I, response 1 (the ████████

26  was described in the Offer Letter and was "part of the bargain for [Mr. Grover's] services");

27  Steele Decl. Ex. I, response 2 (same); Anuj Grover's Answer and Counterclaims

28

1  ("Counterclaims") ¶¶ 38, 45 (Mr. Grover's position is that the ███████████ in the Offer

2  Letter gave him ████████████████████████████████████████████████████████.

3       **C.     The Restricted Stock Purchase Agreement**

4       On or about April 7, 2008, and in connection with the Offer Letter, the parties also

5  entered into a Restricted Stock Purchase Agreement ("RSPA").  *See* RSPA; Chaudhry Decl. Ex.

6  A at 4. During the parties' negotiation of the RSPA, Mr. Grover made many substantial revisions

7  to the document that did not reflect the parties' agreement. Chaudhry Decl. ¶ 19. In response to

8  Mr. Grover's redline mark-up, among other comments, Mr. Chaudhry advised Mr. Grover that

9  ████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████████████

13 █████████████████████████ *Id.*; Steele Decl. Ex. C, at ZI 03155. (emphasis added).

14      **D.     The Separation Agreement.**

15           **1.     Mr. Grover Received** █████████████████████

16                ██████████████ **As Consideration For Executing The Separation**
                  **Agreement.**

17      After two and a half years of employment, ██████████████████████████

18 ██████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████ Chaudhry Decl. ¶ 8.  In

20 connection with the termination, and as required by the terms of the Offer Letter, Mr. Grover and

21 Mr. Chaudhry signed a fully integrated Separation and General Release Agreement dated

22 November 30, 2010 (the "Separation Agreement"). *See* Chaudhry Decl. Ex. B; Chaudhry Decl.

23 Ex. A at 5.

24      Per the terms of Separation Agreement, in exchange for executing the Separation

25 Agreement, Zscaler provided Mr. Grover with the following consideration: ████████████

26 ██████████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████

28

█████████████   *See* Chaudhry Decl. Ex. B at 2; Chaudhry Decl. ¶ 14; Chaudhry Decl. Ex. A at 5; *see also* Chaudhry Decl. ¶ 19; Steele Decl. Ex. C, at ZI 03155.  The Separation Agreement does not include the ████████ as consideration.  *See* Chaudhry Decl. Ex. B; *see also* Chaudhry Decl. Ex. A at 5; Chaudhry Decl. ¶ 15; Steele Decl. Ex. I, Responses 1 and 2 (the ████████ was described in the Offer Letter and was "part of the bargain for [Mr. Grover's] services").

**2.    Mr. Grover Acknowledged And Agreed That █████████**
██████████████

By its very terms, the Separation Agreement concluded the relationship between Mr. Grover and Zscaler in its entirety and made clear that, after November 30, 2010, Zscaler had no further obligations to Mr. Grover in the form of █████████████████ ████████.  *See* Separation Agreement.  Indeed, Paragraphs 1, 3 and 5 of the Separation Agreement clarified that ████████████████████████ ██████████.  Paragraph 1 of the Separation Agreement, ███ ████████████████████████████ ████████████████████  Paragraph 1 of the Separation Agreement, explicitly states:

████████████████████████
████████████████████████
████████████

Chaudhry Decl. Ex. B ¶ 1.

Paragraph 5 of the Separation Agreement, titled ████████ ████████████████████ ████████████████ ████████████████████ ██████████████  *See* Chaudhry Decl. Ex. B ¶5.  The Receipt Of All Benefits Paragraph explicitly states:

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

-5-

6252886.1

1

2

3

4

5

6 *See* Chaudhry Decl. Ex. B ¶ 5(emphasis added).

7        **3.**      **Paragraph 3 ▮▮▮▮▮▮▮▮▮▮ Of The Separation Agreement Addressed**

8

9       Paragraph 3 of the Separation Agreement, titled ▮▮▮▮▮▮, addresses Mr.

10 Grover's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 *See* Chaudhry Decl. Ex. B ¶ 3.  It clarifies ▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮ *See id.*  Accordingly, the ▮▮▮▮▮▮ Paragraph states

16 that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*  It also explicitly

17 states, *in a sentence drafted solely by Mr. Grover*, that ▮▮▮▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮ *Id.*; Steele Decl. Exs. D-E; Chaudhry Decl. at X (re:

20 Grover solely drafting that sentence); Steele Decl. Ex. I, Responses 18-20.  Finally, it makes

21 clear that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮ Chaudhry Decl. Ex. B ¶ 3 (emphasis added).  The ▮▮▮▮▮▮ is not

23 recited or addressed in the Restricted Stock Paragraph.  *See id.*

24        **4.**      **Mr. Grover** ▮▮▮▮▮▮▮▮▮▮▮▮

25       In return for the consideration provided by Zscaler, Mr. Grover ▮▮▮▮▮▮

26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Chaudhry Decl. Ex. B ¶ 8.  Paragraph 8

27

28

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

-6-

6252886.1

1    of the Separation Agreement, titled ████████████ sets forth the terms of this release

2    (████████████████████):



Chaudhry Decl. Ex. B ¶ 8 (emphasis added).

Mr. Grover's ████████████████████████████████

Indeed, in the Separation Agreement, Mr. Grover represented that he ████████████

████████████████████████████████████████████████████

████████████████████████████████ Chaudhry Decl.

Ex. B ¶ 19.

1

**5.      The Separation Agreement Superseded The Offer Letter.**

2      The Separation Agreement is fully integrated.  Paragraph 22 of the Separation

3  Agreement, titled "Complete Agreement; Choice of Law" states:

4

5    

6

7

8  Chaudhry Decl. Ex. B ¶ 22.  Thus, the Separation Agreement superseded the Offer Letter in its

9  entirety and is the only relevant document regarding the parties' relationship, rights and

10  obligations to each other.  *See id.*

11      **E.      Jurisdiction**

12      This case was originally filed in the Superior Court for Santa Clara County.  Mr. Grover

13  removed under 28 U.S.C. § 1441(b).

14  **III.    LEGAL ARGUMENT**

15      **A.      Summary Judgment Standard.**

16      Summary judgment should be granted where there are no genuine issues of material fact

17  and the moving party is entitled to judgment as a matter of law.  *Dudum v. City and County of*

18  *San Francisco*, No. C 10-00504,  2010 U.S. Dist. LEXIS 94031 (N.D. Cal. 2010); Fed. R. Civ. P.

19  56(a).  "The purpose of summary judgment is 'to isolate and dispose of factually unsupported

20  claims or defenses.'"  *Dudum*, 2010 U.S. Dist. LEXIS 94031 at *14 (quoting *Celotex v. Catrett*,

21  477 U.S. 317, 323-24 (1986)).  After the moving party demonstrates that there is an absence of a

22  genuine issue of material fact, the non-moving party "must set forth specific facts showing that

23  there is a genuine issue for trial."  *Id.*, at *15; FRCP 56(c).  These facts must be "material facts,

24  i.e., 'facts that might affect the outcome of the suit under the governing law...Factual disputes

25  that are irrelevant or unnecessary will not be counted.'"  *Dudum*, 2010 U.S. Dist. LEXIS 94031,

26  at *15 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  Moreover, "[t]he

27  opposing party 'must do more than simply show that there is some metaphysical doubt as to the

28

1    material facts.'"  *Id.*, at *15 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574,

2    588 (1986)).

3    **B.    The Separation Agreement Compels Summary Judgment In Zscaler's Favor.**

4    The "fundamental goal" of contract interpretation is "to give effect to the mutual

5    intention of the parties."  *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1356 (2004); Cal. Civ.

6    Code § 1636.  "The language of a contract is to govern its interpretation, if the language is clear

7    and explicit, and does not involve an absurdity."  Cal Civ Code § 1638; *see also Banning Ranch*

8    *Conservancy v. Superior Court*, 193 Cal. App. 4th 903, 913 (2011).  ("The words of a contract

9    are to be understood in their ordinary and popular sense.").   "Summary judgment is appropriate

10   when the contact terms are clear and unambiguous, even if the parties disagree as to their

11   meaning."  *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988).

12   The clear and unambiguous terms of the Separation Agreement confirm that Mr.

13   Grover's breach of contract claim against Zscaler is barred and that ▮▮▮▮▮▮▮▮▮▮▮▮

14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15   **1.    The Separation Agreement Bars Mr. Grover's Breach of Contract
         Claim Against Zscaler.**

16

17   The plain text of the Separation Agreement bars Mr. Grover's breach of contract claim

18   against Zscaler. Mr. Grover waived all claims against the Company by executing the Separation

19   Agreement.  Accordingly, summary judgment should be granted in Zscaler's favor.

20   Under California law, waiver occurs when: (i) the claimant is aware that the Defendant is

21   required to perform an obligation, and (ii) the claimant "freely and knowingly" gives up his right

22   to have defendant perform this obligation.[1]  Judicial Council of California Civil Jury Instructions

23   ("CACI") No. 336.  Prior to executing the Separation Agreement, Mr. Grover believed that

24   Zscaler was required to perform pursuant to the parties' agreements, including allegedly

25

26   _____

27   [1] Zscaler asserted waiver/estoppel as an affirmative defense.  *See* Zscaler Inc.'s Amended
     Answer to Grover's Counterclaims ("Amended Answer") ¶ 21.

28
     PLTF AND COUNTERDEFT ZSCALER'S          -9-                                    6252886.1
     MOTION FOR SUMM. JUDGMENT, OR, IN
     THE ALTERNATIVE, PARTIAL SUMM.
     JUDGMENT
     CASE NO. CV 13-03195 RS

1   ███████████████████████████████████ *See* Steele Decl. Ex. I, response 1(the

2   █████████████ was described in the Offer Letter and was "part of the bargain for [Mr.

3   Grover's] services"); Steele Decl. Ex. I, response 2 (same); Counterclaims ¶¶ 38, 45 (Mr.

4   Grover's position is that ███████████████████████████

5   ██████████████████████████████ Thereafter, on November 30,

6   2010, he relinquished this alleged right in exchange for severance benefits, thereby releasing

7   Zscaler from any purported obligation to █████████████████████████

8   *See* Chaudhry Decl. Ex. B ¶ 8; CACI No. 336.

9          In exchange for the consideration provided by Zscaler, Mr. Grover "██████████

10  █████████████████████████████████████

11  ████████████████████████ Chaudhry Decl. Ex. B ¶ 8 (emphasis

12  added).  Indeed, he s█████████████████████████████████

13  ████████████████ *Id*.  Mr. Grover also agreed that he would not "███████

14  ███████████████████████████████████████

15  ███████████████████████████████████████

16  ████████████ *Id*.  Mr. Grover's counterclaim based upon Zscaler's alleged breach of its

17  contractual obligations under the Offer Letter arose out of his employment.  *See id*.;

18  Counterclaims ¶¶ 37-48.  Accordingly, Mr. Grover's breach of contract claim against Zscaler

19  ██████████████████████

20         Moreover, Mr. Grover's relinquishment of his right to require Zscaler to perform its

21  alleged obligation under the █████████████ was free and knowing.  Indeed, in the Separation

22  Agreement, Mr. Grover represented that he █████████████████████████████

23  ████████████████████████████████████

24  ███████████████████████ Chaudhry Decl. Ex. B ¶ 19.

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN          -10-
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

6252886.1

Because the ███████████████████████████

█████████████████████████████████[2]

### 2.     The Separation Agreement Superseded the Offer Letter

As a fully integrated document, the Separation Agreement supersedes the Offer Letter. *See* Chaudhry Decl. Ex. B ¶ 22. The Integration Term in paragraph 22 specifically states that the Separation Agreement is an "integrated document" and that it "constitutes the <u>entire agreement</u> and understanding" between the parties concerning Mr. Grover's employment, termination and the other subjects addressed in the Separation Agreement. *Id.* (emphasis added).  The Integration Term also specifically states that it ██████████████████████████

███████████████████████████████████

██████ (emphasis added).

Understood in its "ordinary and popular sense", the phrase ████████████means the complete agreement between the parties concerning the referenced subject matters and the phrase ████████ means every agreement between the parties concerning the referenced ████ ██████ the Separation Agreement is the only relevant agreement and document between the parties regarding the referenced subject matters.

In addition, the Offer Letter falls within the referenced subject matters.  The Offer Letter sets forth the terms of Mr. Grover's employment with Zscaler making it an agreement concerning Mr. Grover's employment with Zscaler.  *See* Chaudhry Decl. Ex. A.  Moreover, as the Separation Agreement addresses ███████████████████

█████████████████████████████

███████████████████████████████████

██████ *See* Chaudhry Decl. Ex. B ¶ 1, 4-5.

---

[2] Because Mr. Grover's breach of contract claim is barred, he also will be unable to prove the damages element of his claim.  *See* CACI No. 303 (the fifth element of a breach of contract claim is proof of damages).  Zscaler is entitled to summary judgment on this basis as well.

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS
-11-
6252886.1

1   Thus, pursuant to the Integration Term, the Separation Agreement superseded the Offer

2   Letter in its entirety and is the only relevant document regarding the parties' relationship, rights

3   and obligations to each other.  *See* Chaudhry Decl. Ex. B ¶ 22.  For this reason, Zscaler is

4   entitled to summary judgment.

5   **3.** ███████████████████████████████████████████

6   ███████████████████████████████

7   The clear and unambiguous terms of the Separation Agreement confirm that the

8   ████████████ – together with all other compensation and benefits afforded Mr. Grover during

9   his employment – terminated on November 30, 2010.  Accordingly, summary judgment should

10   be granted in Zscaler's favor.

11   **a.    Mr. Grover Acknowledged &Agreed to His ████████████**

12   **████████████████ To Which He Was Entitled.**

13   The Separation Agreement was drafted for the sole purpose of terminating the

14   relationship between Mr. Grover and Zscaler, and to make clear that, ████████████████

15   █████████████████████████████████████████████

16   ██████████████████████████  *See* Chaudhry Decl. Ex. B.  The

17   Separation Agreement explicitly provides that ████████████████████████

18   █████████████████████████████████████████

19   ███████████████████████████████████████████████

20   ███████████████████████████

21   Specifically, the Separation Agreement states that, as of November 30, 2010, Mr. Grover

22   ████████████████████████████████████████████

23   ███████████ Chaudhry Decl. Ex B ¶ 1 (emphasis added).  The phrases ████████████

24   ████████████████████████████████ Understood in

25   their "ordinary and popular sense", their plain meaning is that Mr. Grover only has rights to

26   _____

27   [3] The Integration Term is in accord.  *See* Chaudhry Decl. Ex. B ¶ 22.

28

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

-12-

6252886.1

1   Zscaler stock as described in the Separation Agreement.  *See Banning Ranch Conservancy*, 193

2   Cal. App. 4th at 913.  The Separation Agreement further states that Mr. Grover had already been

3   ███████████████████████████████████████████████████████████████████████

4   ███████████████████████████████████████████████████████████████

5   ██████████████████████████████████████████████████████████

6   ████████████████████████████████████████████ Chaudhry Decl. Ex. B ¶ 5

7   (emphasis added).  The phrase ██████████████████████████████████████████

8   ███████████████████████████s not ambiguous.  Understood in its "ordinary and

9   popular sense", its plain meaning is that Mr. Grover has been provided ██████████

10  ████████████████████████████████[4]  *See Banning Ranch*

11  *Conservancy*, 193 Cal. App. 4th at 913.

12      Paragraph 5 ████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████

15  ███████████████   The parties agree that the consideration for the Separation Agreement ████████

16  ████████████████████████████████████████████████████████████████████

17  █████████████████████████████████████[5]  *See* Chaudhry

18  Decl. Ex. B ¶¶ 2 and 4; Chaudhry Decl. Ex. A; Steele Decl. Ex. I. responses 1 and 2. There is no

19  question that the █████████████████████████████████████████████████  *See*

20  Chaudhry Decl. Ex. Aat 2, 4; Chaudhry Decl. Ex. B.  Rather, per the terms of the Offer Letter,

21  the ███████████████was part of Mr. Grover's ████████████████████████  Chaudhry Decl.

22

23  _____

24      [4] The meaning of the word "all" in the Separation Agreement is the same as the meaning
    given to "all" in the Court's Local Civil Rules, e.g., 11-5(a): "Counsel may not withdraw from an

25  action until relieved by order of Court after written notice has been given reasonably in advance
    to the client and to **all** other parties who have appeared in the case. Civil L.R. 11-5(a) (emphasis
    added).

26      [5] Mr. Grover's severance package is set forth in Section 5 of the Offer Letter, under the

27  heading "Severance Benefits." Chaudhry Decl. Ex. A.

28

1   Ex. A. Because the ███████████ was not excluded from Mr. Grover's representation that he

2   had ████████████████████████████████████████████████████████ the plain

3   text of the Separation Agreement precludes Mr. Grover's claim that ███████████████

4   ██████████████████████████

5                                    **b.**   ████████████████████████████████████████

6        The ██████████ paragraph confirms that █████████████████████████

7   ████████████████████████████████ As plainly stated in the section heading and

8   the substantive text of the paragraph titled "██████████████████████████████

9   ███████████████████████████████████████████████████████

10  ████████████████████ *See* Chaudhry Decl. Ex. B ¶ 3. ████████████████████

11  ███████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ███████████████████████████████████████████████████

15  ███████████████████████████████ *Id.*

16       There is no support for Mr. Grover's claim that the single reference to the Offer Letter in

17  the ████████████ paragraph survived ██████████████████████████████

18  Counterclaims ¶ 39. That reference, like the rest of the paragraph, ████████████████████

19  ██████████████████████ *See* Chaudhry Decl. Ex. B ¶ 3. The reference to the

20  Offer Letter merely reflects the parties' agreement that Mr. Grover's rights r███████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████

23  ████████████████████

24       There is no indication in the ████████████████████ or anywhere else in the

25  Separation Agreement, that the general reference to the Offer Letter was included █████████████

26  ████████████████████████ To the contrary, by including a single reference to it in the Restricted

27  Stock paragraph and <u>nowhere else</u> in the Separation Agreement, Mr. Grover reflected the parties'

28

1    intent to refer to Mr. Grover's ███████████████████████████████████

2    ███████████████████████████████████. Moreover, the Company never intended or

3    believed that the ███████████ continued post-employment and therefore the I██████

4    ██████ could not, by its very nature, be survived by simple reference to the Offer Letter alone.

5    Chaudhry Decl. Ex. A; *see also* Chaudhry Decl. ¶ 9.

6         It is plain that a reading of the ███████████ paragraph, both alone and in context of

7    the Separation Agreement as a whole, provides no plausible basis for concluding that the

8    reference to the Offer Letter was intended to ████████████████████████████████████

9    ██████████████ Accordingly, the ███████████████████████████████████

10   ████████████████████████████

11        **c.     Any Ambiguity Should Be Construed Against Mr. Grover.**

12        Zscaler believes that the Separation Agreement ██████████████████████████████

13   ███████████████████████████████████████████████████████████████████████

14   ██████████████████████████████ However, to the extent any ambiguity

15   exists as to whether the ███████████ survived, such ambiguity must be construed against Mr.

16   Grover. It is undisputed that Mr. Grover drafted the sentence in the ███████████ Paragraph

17   that references the Offer Letter.  Steele Decl. Exs. D-E ; Chaudhry Decl. ¶ 17; Steele Decl. Ex. I,

18   responses 18-20. It more than strains credulity that an attorney with Mr. Grover's background and

19   experience would attempt to preserve this material right by drafting a single general reference to

20   the Offer Letter in a paragraph indisputably dedicated to ███████████, and that he would not

21   instead draft a dedicated paragraph or sentence describing the validity of the ███████████

22   following November 30, 2010, as well as add express carve outs in the Receipt Of All Benefits

23   Paragraph and other applicable paragraphs. It is only reasonable to conclude that Mr. Grover did

24   not do so because the parties did not intend the ███████████ to survive his termination of

25   employment. Chaudhry Decl. ¶¶ 7, 9-18.

26        As an experienced and sophisticated attorney, Mr. Grover knew how to draft contract

27   language providing for the benefits and rights that he desired. *See* Steele Decl. Exs. J-U (offer

28

letter revisions); *see id*. Exs. B and C (RSPA revisions). He did not survive the ████████

in the Separation Agreement because Zscaler never agreed that the ████████ continued

post-employment. Chaudhry Decl. ¶¶ 7, 9-18. If that had been the intention of the parties, Mr.

Grover - who provided the first draft of the Separation Agreement containing the single reference

to the Offer Letter - could have included a recitation of the ████████ in its entirety in a

stand- alone paragraph or elsewhere in the Separation Agreement. *Id.* at 18. At the very least, he

could have revised the Receipt Of All Benefits Paragraph to explicitly state that, in addition to the

consideration for the Separation Agreement and the ████████████████

████████████████    *See* Chaudhry Decl. Ex. B ¶ 5.  The fact that Mr. Grover did not

do so confirms that the parties did not intend this right to survive.  *See* Chaudhry Decl. Ex. B.

California authority instructs that any ambiguity in a contract is construed against the

drafter, particularly when the drafter is a lawyer.  *Mayhew v. Benninghoff*, 53 Cal. App. 4th 1365,

1370 (1997) (the doctrine of construing ambiguous agreements against the drafter "applies with

even greater force when the person who prepared the writing is a lawyer"); Cal. Civil Code 1654

("the language of a contract should be interpreted most strongly against the party who caused the

uncertainty to exist").  Because Mr. Grover drafted the sentence containing the reference to the

Offer Letter in the ████████ Paragraph, any ambiguity must be construed against Mr.

Grover because he caused the uncertainty to exist.  *See Mayhew v. Benninghoff*, 53 Cal. App. 4th

at X; Cal. Civ. Code 1654.  While Zscaler believes the contract term is plain, to the extent any

ambiguity exists Mr. Grover's interpretation must be rejected.

PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

-16-

6252886.1

1

2  **IV.    CONCLUSION**

3         For the reasons set forth above, Zscaler respectfully requests that the Court grant this

4  Motion for Summary Judgment.

5  Dated:  April 15, 2014                     WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
6

7
                                             By: _____/s/_____
8                                                   Jeanna C. Steele
                                                    jsteele@wsgr.com
9
                                             Attorneys for Plaintiff and Counterdefendant
10                                           ZSCALER, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
PLTF AND COUNTERDEFT ZSCALER'S
MOTION FOR SUMM. JUDGMENT, OR, IN          -17-
THE ALTERNATIVE, PARTIAL SUMM.
JUDGMENT
CASE NO.  CV 13-03195 RS

6252886.1